NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT M. CHAPMAN,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7026

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1839, Judge Kenneth B. Kramer.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves for the court to dismiss this appeal. Roger M. Chapman has not responded to that motion.

While serving in the Air Force from November 1958 to October 1962, Mr. Chapman was injured from a close range air compressor explosion. As a result of that incident, Mr. Chapman subsequently received Department of Veterans Affairs (DVA) disability compensation benefits for bilateral tinnitus and bilateral hearing loss.

Approximately 48 years after his discharge from service, Mr. Chapman filed a claim for an acquired psychiatric disorder, including dysthymic disorder. He asserted that he was entitled to service connection on the ground that the in-service explosion had given him difficulty in dealing with stress over the years. Alternatively, Mr. Chapman contended that the ringing in his ears attributed to his psychiatric condition, thus entitling him to service connection on a secondary basis. *See* 38 C.F.R. § 3.310.

After receiving the claim, a regional office of the DVA arranged for Mr. Chapman to receive a medical examination. Following that examination, the DVA examiner prepared a report in which it was noted that Mr. Chapman had described emotional trauma stemming from the breakup of his marriage and the strained relationship with his son. The examiner concluded that Mr. Chapman's "serious and tumultuous divorce that caused him to lose a substantial amount of money, a partner of many years whom the Veteran felt had betrayed him, and a disconnection from his son" was "more likely than not the etiological cause of the Veteran's acquired psychiatric disorder," instead of his tinnitus. The examiner further concluded that Mr. Chapman's dysthymia was not related to, or aggravated by, his service or tinnitus.

In light of that report, the regional office denied entitlement to service connection. The Board of Veterans Appeals (Board) sustained that ruling on the ground that a

nexus between Mr. Chapman's current disability and service had not been established.

Mr. Chapman then appealed to the Court of Appeals for Veterans Claims (Veterans Court). Addressing Mr. Chapman's argument that his psychiatric condition was related to the explosion that occurred in service, the Veterans Court noted that the only evidence that supported that contention was Mr. Chapman's own lay statements, and that while relevant, the Board had found them not credible on their own to establish service connection in light of the DVA medical examiner's opinion and the gap between service and the first complaints of a psychiatric condition. Finding the Board's decision was not clearly erroneous and was supported by a plausible basis in the record, the Veterans Court affirmed. This appeal followed.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his informal brief, Mr. Chapman primarily contends that the Board and Veterans Court failed to properly comprehend the facts in his case that he suggests entitle him to a reversal of the Veterans Court's decision, and an award of service connection. However, Mr. Chapman fails to present any argument that the Veterans Court misinterpreted a statute or regulation or that his case involves a

constitutional issue that would support that contention. Instead, Mr. Chapman appears to present only a factual disagreement with the Board and Veterans Court over whether he is entitled to service connection. This court does not have jurisdiction to review such factual issues.

The only other argument that Mr. Chapman appears to raise is that the Veterans Court should have applied the benefit of the doubt rule. *See* 38 U.S.C. § 5107(b). But Mr. Chapman presents no argument that can be construed to suggest the Veterans Court misinterpreted that statute, and it appears the benefit of the doubt rule was not applied here because the Board and Veterans Court concluded that the facts were not in equipoise. To the extent that Mr. Chapman seeks to challenge that conclusion, that issue too is outside of this court's limited jurisdictional review.

Because Mr. Chapman has presented no arguments over which we have jurisdiction, we dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s26

ISSUED AS MANDATE: April 25, 2013